UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VINCENT BANKS, | Case No. 2:20-cv-00556-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 13] |
| JOSEPH LOMBARDO, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to extend the time to effectuate service on several non-appearing defendants. Docket No. 13. LVMPD counsel subsequently appeared by filing an answer for Defendant Holm. Docket No. 14. It appears that counsel now knows the identity of at least some of the non-appearing defendants for whom the United States Marshal Service was rebuffed in attempting service. *See id.* at ¶ 4 (admitting that "Risppo is employed by LVMPD"); *but see* Docket No. 11 at 7 (summons returned unexecuted on the grounds that there is no employee by the name of Risppo).[1] Moreover, Plaintiff has provided additional information as to the identities of the non-appearing defendants. Docket No. 12.

Given the circumstances, the Court **DEFERS** ruling on the motion to extend time to afford LVMPD counsel an opportunity to accept service on behalf of any of the non-appearing

---

[1] It would appear that some of the non-appearing defendants, particularly Defendants Miller and Rissippo, may be in default given the circumstances of the previous service attempt. *Compare Smith v. Saribay*, 2021 WL 1824292, at *3 (D. Nev. Apr. 29, 2021) *with* Docket No. 12. The Court reemphasizes herein that there is an obligation to avoid unnecessary service costs. *See Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (discussing Fed. R. Civ. P. 4(d)(2)); *see also Smith*, 2021 WL 1824292, at *2 n.5 ("Gamesmanship in the effectuation of service is disfavored in any context, but it would seem particularly ill-advised in the context of service that is being effectuated on behalf of a *pro se* prisoner by the United States Marshal Service pursuant to a Court order at taxpayer expense during a pandemic").

1

defendants. To that end, LVMPD counsel must file a notice by August 19, 2021, as to any of the non-appearing defendants for whom service is being accepted. With respect to any Defendant who waives service, an answer or other appropriate response to the complaint is due within 60 days of the issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii). With respect to any Defendant who does not waive service, the Court may impose the full costs of service that is later undertaken.

IT IS SO ORDERED.

Dated: August 4, 2021

_____
Nancy J. Koppe
United States Magistrate Judge