UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VINCENT BANKS,<br><br>    Plaintiff(s),<br><br>v.<br><br>JOSEPH LOMBARDO, et al.,<br><br>    Defendant(s). | Case No. 2:20-cv-00556-APG-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is Defendant Gregory Bryan's motion for more definite statement or to strike. Docket No. 18. Plaintiff has not filed a response. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **DENIED** in its entirety.

**I.      MOTION FOR MORE DEFINITE STATEMENT**

The pending motion primarily seeks issuance of an order requiring a more definite statement. A motion for a more definite statement is made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Hence, the rule "is designed to strike at unintelligibility, rather than want of detail." *Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984).

Motions for a more definite statement are disfavored and rarely granted. *Herd v. Cnty. of San Bernadino*, 311 F. Supp. 3d 117, 1162 (C.D. Cal. 2018). A motion for more definite statement must be considered in light of the modest pleading standards required by the Federal Rule of Civil Procedure. *Id.* Similarly, when analyzing the pleading of a *pro se* plaintiff, courts are particularly

mindful that such filings must be construed in a liberal manner. *See, e.g.*, *Beckner v. El Cajon Police Dept.*, 2007 WL 2873406, at *2 (S.D. Cal. Sept. 28, 2007).

Although a defendant may not be prohibited from filing a motion for more definite statement following issuance of an order screening a *pro se* prisoner's complaint, *see Harris v. Ford*, 32 F. Supp. 2d 1109, 1111 (D. Alaska 1999) (*dicta*), a court's ability at the screening phase to discern sufficient allegations for the plaintiff to state a claim would generally indicate that the complaint is not so unintelligible that a responsive pleading cannot be filed, *see, e.g.*, *Sherman v. Aguilar*, 2011 WL 832263, at *2 (S.D. Cal. Mar. 3, 2011) (noting that the "Court was not at all confused" by the complaint as evidenced by the issuance of an extensive screening order providing notice to the defendants as to the claims against them); *Pamer v. Schwarzenegger*, 2010 WL 785851, at *2 (E.D. Cal. Mar. 4, 2010) (finding the complaint sufficiently understandable to survive a motion for more definite statement because, "[a]s the court previously determined [in the screening order], Plaintiff's complaint raises issues relating to his medical care, failure to protect, and retaliation. While Plaintiff's claims may not be eloquently stated, they are sufficiently set forth as to be understandable").

In this case, United States District Judge Andrew P. Gordon issued an extensive screening order providing detailed discussion as to the allegations made against Defendant Bryan. *See, e.g.*, Docket No. 5 at 16-17.[1] Having reviewed the complaint for purposes of the instant motion, the Court also finds here that Plaintiff's allegations are not so unintelligible that a more definite statement is warranted.

**II.    MOTION TO STRIKE**

Defendant Bryan's motion makes passing references to "alternative" relief in the form of striking allegations made in the complaint. *See, e.g.*, Docket No. 18 at 1. The precise nature of this request is unclear. At some points in the motion, it appears that Defendant Bryan is simply seeking an instruction to Plaintiff that failure to comply with an order granting a motion for more

---

[1] Since that screening order was issued, another defendant prepared and filed an answer to the complaint. Docket No. 14; *but see* Docket No. 18 at 2 (motion for more definite statement arguing that Plaintiff's allegations make it impracticable for "any possible defendant responding").

2

definite statement may result in striking. *See* Docket No. 18 at 6 ("Banks should be required to file a more definite statement, or, if he is not inclined, [the Court should] strike the allegations against Dr. Bryan"); *see also* Fed. R. Civ. P. 12(e).[2]  This request is moot given that the Court is denying the motion for more definite statement.

At other points in the motion, Defendant Bryan appears to seek to strike portions of the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as being redundant, immaterial, or impertinent. *See* Docket No. 18 at 4-5, 6.  "Modern litigation is too protracted and expensive for the litigants and the court to expend time and effort pruning or polishing the pleadings." 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382, at p. 458 (2020 Supp.).  As such, the federal case reporters abound with pronouncements that motions to strike are highly disfavored, *e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), are rarely granted, *e.g.*, *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (*per curiam*), and are commonly viewed as "time-wasters," *e.g.*, *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019).

Although the motion addresses some of the applicable standards for a motion to strike under Rule 12(f), Docket No. 18 at 4-5, it does not meaningfully explain how those standards would warrant striking in the circumstances of this case.  For example, the motion does not explain how the Court could conclude that Plaintiff's colorable claims against Defendant Bryan that were just found sufficient to survive the screening process should now be stricken as consisting entirely of impertinent or immaterial allegations. *See* Fed. R. Civ. P. 12(f); *but see* Docket No. 18 at 1 ("Banks' counts suing Dr. Bryan should be stricken").[3]  Nor does the motion address the case law requiring a showing of prejudice given the disfavored status of a Rule 12(f) motion to strike. *See*

---

[2] Such a request would not be "alternative" relief from the motion for more definite statement, but would be part and parcel of the motion for more definite statement.

[3] The motion does not identify particular allegations that Defendant Bryan seeks to strike, instead relying on vague references to the existence of "largely immaterial" allegations or similar assertions. Docket No. 18 at 6.  The motion at times appears to ask the Court to *sua sponte* edit out portions of the complaint. *Id.* at 7.  The Court declines that invitation. *Cf. Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (motions to strike brought pursuant to Rule 12(f) should not be used in a manner that transforms judges into "editors, screening complaints for brevity and focus; they have better things to do with their time").

3

*Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013); *see also Mitchell v. Nev. Dept. of Corr.*, No. 2:16-cv-00037-RFB-NJK, 2017 U.S. Dist. Lexis 59072, at *2 (D. Nev. Apr. 18, 2017) ("Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, the Court does not find it be a useful expenditure of resources to entertain motions to strike without any showing of prejudice").

Given the lack of meaningfully developed argument as to the Rule 12(f) striking request, this aspect of the motion will be denied. *E.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

## III.  CONCLUSION

Accordingly, Defendant's motion for more definite statement or to strike is **DENIED**. Defendant Bryan must file a response to the complaint by August 25, 2021.

IT IS SO ORDERED.

Dated: August 11, 2021

_____
Nancy J. Koppe
United States Magistrate Judge