# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VINCENT BANKS,<br><br>    Plaintiff(s),<br><br>v.<br><br>JOSEPH LOMBARDO, et al.,<br><br>    Defendant(s). | Case No. 2:20-cv-00556-APG-NJK<br><br>**Order**<br><br>[Docket No. 54] |

Pending before the Court is Plaintiff's motion for courtesy copies. Docket No. 54.

An inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). The Court cannot provide free copies even to indigent plaintiffs proceeding *in forma pauperis*, because the *in forma pauperis* statute does not authorize the Court to pay the costs for an indigent litigant's copy requests. 28 U.S.C. § 1915. If Plaintiff seeks copies of documents, he must submit a "Copy and Service Request" form to the Clerk of the Court and pay the appropriate fees.[1]

In this case, Plaintiff seeks from the Court free copies of the docket sheet, a few orders, a motion filed by Defendant Bryant, and several of Plaintiff's own filings. *See* Docket No. 54 at 4-8. Plaintiff has not shown that he is entitled to free copies of any of these documents. Plaintiff has not adequately explained why he needs a copy of the docket and, judging from his instant motion, he does not appear to be uninformed as to the filings in the case. The orders identified were already mailed to Plaintiff when they were entered. *See* Docket Nos. 30, 35 (notices of electronic filing showing service by mail). If Plaintiff did not receive copies of the orders already,

---

[1] Copies produced from an electronic format (CM/ECF) are $0.10 per page; copies produced from a physical format are $0.50 per page.

that is an issue for him to address with the facility at which he is an inmate. Similarly, to the extent Plaintiff contends he did not receive a motion filed by Defendant Bryan, that is an issue for him to address with Defendant Bryan's counsel. With respect to the request for free copies of Plaintiff's own filings, it is ultimately the responsibility of a filer (including a prisoner) to ensure that he is creating copies of his filings. The Court cannot act as a free photocopier for every inmate and, instead, prisoners must take steps to copy their own filings.[2] As noted above, to the extent a prisoner seeks copies from the Court, he must submit the appropriate form and pay the applicable fees.

Accordingly, Plaintiff's motion for courtesy copies is **DENIED**. The Court **INSTRUCTS** the Clerk's Office to mail Plaintiff the "Copy and Service Request" form.

IT IS SO ORDERED.

Dated: April 5, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Among other concerns with Plaintiff's request, judicial resources should not be tapped in this manner as it would enable litigants to circumvent the procedures and costs to make their own copies of their filings.