UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VINCENT BANKS,<br><br>    Plaintiff(s),<br><br>v.<br><br>JOSEPH LOMBARDO, et al.,<br><br>    Defendant(s). | Case No. 2:20-cv-00556-ART-NJK<br><br>**Order**<br><br>[Docket Nos. 62, 64] |

Pending before the Court is Defendants' motion to compel discovery and for an award of expenses. Docket No. 62. No response has been filed.[1] For the reasons discussed below, the motion to compel is **GRANTED** and the request for an award of expenses is **DENIED** without prejudice.

The requests for production at issue were served on September 8, 2021. *See* Docket No. 62-1 at 10. Plaintiff has had more than ample time to respond to these requests, *see, e.g.*, Fed. R. Civ. P. 34(b)(2)(A) (responses to requests for production are generally due 30 days after service), and has advanced no opposition to the motion.[2] Moreover, the Court again makes clear that Plaintiff bears the responsibility to "manage his case (and existing legal supplies) to enable that

---

[1] Plaintiff filed a motion to extend the time to extend to May 6, 2022, the deadline to respond to the motion to compel. Docket No. 64. Defendants filed a response in opposition. Docket No. 67. Defendants have since filed a notice that the issue is now moot because the extended deadline Plaintiff seeks has also since expired. Docket No. 70. Given the circumstances, the Court will **GRANT** the motion to extend *nunc pro tunc*. Accordingly, the deadline for Plaintiff to oppose the motion to compel expired on May 6, 2022. Despite the passage of more than a month since that deadline expired, Plaintiff has not filed a responsive brief.

[2] The Court may grant a motion as unopposed when a responsive brief is not timely filed. Local Rule 7-2(d). The party opposing a motion to compel bears the burden of persuasion of showing why it should not be granted. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309-10 (D. Nev. 2019).

1

the case advances in a reasonably expedient manner." Docket No. 60 at 1. Accordingly, the motion to compel will be granted.

With respect to the motion for expenses, Defendants are correct that the Court is authorized to award expenses upon the granting of a motion to compel in certain circumstances. Fed. R. Civ. P. 37(a)(5)(A). Such an award of expenses is subject to important exceptions, including that the Court may consider whether a litigant's indigent status would render an award of expenses unjust. *See, e.g.*, *Murray v. Pac. Architects & Engrs.*, 2015 U.S. Dist. Lexis 157912, at *3-4 (D. Nev. Nov. 20, 2015) (collecting cases). The Court in this instance will defer ruling on the request for expenses to assess whether Plaintiff complies with this order to respond to discovery. The Court **CAUTIONS** Plaintiff that it will be more inclined to award expenses if Plaintiff violates this order to respond to discovery. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(C).

For the reasons discussed above, the motion to compel is **GRANTED** and the request for an award of expenses is **DENIED** without prejudice. **Plaintiff must provide responses to the requests for production by July 7, 2022.**

IT IS SO ORDERED.

Dated: June 16, 2022

_____
Nancy J. Koppe
United States Magistrate Judge