# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES VINCENT BANKS, | Case No. 2:20-cv-00556-ART-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket Nos. 41, 50, 65] |
| JOSEPH LOMBARDO, et al., | |
| Defendant(s). | |

Pending before the Court is an order to show cause why Defendants Williamson, Bryan, and Miller should not be dismissed for lack of service. Docket No. 41.[1] Also pending before the Court is Plaintiff's motion to extend the time to effectuate service. Docket No. 50. Defendants filed a response in opposition. Docket No. 52. Also pending before the Court is Plaintiff's motion for a second extension of time to file a reply relating to his motion to extend the time for service. Docket No. 65. Defendants filed a response in opposition. Docket No. 68. The matters are properly resolved without a hearing. *See* Local Rule 78-1.

**I.    MOTION TO EXTEND TIME TO FILE A REPLY (Docket No. 65)**

Plaintiff filed a motion to extend the time to file a reply to May 2, 2022. Docket No. 65 at 9. The is now moot given that Plaintiff has not filed a reply brief despite the expiration of the deadline he sought. Given the circumstances, the Court will **GRANT** the motion to extend *nunc pro tunc*. Accordingly, the deadline for Plaintiff to file his reply expired on May 2, 2022.

**II.   MOTION TO EXTEND SERVICE DEADLINE (Docket No. 50)**

The Court next turns to the motion to extend the service deadline. Docket No. 50. The default deadline to effectuate service is 90 days from the filing of the complaint. Fed. R. Civ. P. 4(m). In this case, the screening order made clear that the deadline to effectuate service was

---

[1] The order to show cause has been referred to the undersigned for handling.

1

August 11, 2021. Docket No. 5 at 25 ("Service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m)"). "[I]f the plaintiff shows good cause for the failure [to comply with that deadline], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even when good cause is lacking, the Court still retains broad discretion to extend the service deadline. *In re Sheehan*, 253 F.3d 507, 512, 513 (9th Cir. 2001).

### A. Alexander Lingle

Plaintiff seeks an extension of time to serve Alexander Lingle. Docket No. 50 at 1, 14. There are no live claims in this case against Alexander Lingle. *See* Docket No. 5 at 22-25 (order identifying claims that had been pleaded sufficiently to survive screening). Accordingly, this aspect of the motion to extend the service deadline is **DENIED** as moot.

### B. Defendants Miller and Bryan

Plaintiff next seeks to extend the service deadline for Defendants Miller and Bryan. Docket No. 50 at 1, 13-14.

On June 21, 2021, service was attempted on Defendant "Miller" with a badge identification of "P#15192." Docket No. 11 at 1. The agents who handle service for LVMPD rejected the service attempt because the name and badge numbers did not match. *See id.* To that end, Defendants have noted that Defendant Miller has a badge identification of "P#15191." Docket No. 22 at 2-3.

On June 21, 2021, service was also attempted on Defendant "Byars" with a badge identification of "P#15200." Docket No. 11 at 6-7. Once again, the agents who handle service for LVMPD rejected the service attempt because the name and badge numbers did not match. *See id.* To that end, Defendants have noted that the badge identification belongs to Officer "Bryan" and they have no record of an Officer "Byars." Docket No. 22 at 3.

Given the ticky-tacky reasoning for rejecting service, the Court previously expressed doubt that some of the defendants (particularly Miller) had not already been served and raised the possibility that they were in default. Docket No. 20 at 1 n.1 (citing *Smith v. Saribay*, 2021 WL

1824292, at *2-3 & n.5 (D. Nev. Apr. 29, 2021)).[2] Nonetheless, counsel filed a notice that service would be accepted for Defendants Miller and Bryan, but only upon Plaintiff's clarification that he meant to sue Defendants Miller and Bryan as specified by their notice. Docket No. 22 at 2-3. The Court thereafter ordered Plaintiff to confer with LVMPD counsel to resolve the outstanding service issues and instructed that he could seek further relief to the extent necessary. Docket No. 30 at 1. Plaintiff did not engage in that conferral process, nor did he file a prompt request for further relief. Instead, Plaintiff now confirms in his latest motion practice that Defendants Miller and Bryan are indeed the officers he seeks to sue. Docket No. 50 at 13-14.

In short, the Court is presented with a unique scenario. On the one hand, Plaintiff undoubtedly should have moved forward promptly to resolve the outstanding service issues.[3] On the other hand, there really should not be outstanding service issues with respect to these two defendants because the service already attempted was rejected on technical grounds that do not appear to render the service ineffectual. *Cf. Smith*, 2021 WL 1824292, at *2-3. Of course, there is also an overarching preference for cases to be decided on their merits when feasible. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).[4]

---

[2] "The persons who receive service at LVMPD Headquarters are senior citizen volunteers." Docket No. 22 at 5 n.2. The Court does not doubt the good intentions of the volunteers, but the law requires those acting as agents for service of process to engage in some level of diligence as to the identities of the parties being served. *See, e.g., Employers Ins. of Wausau v. Banco de Seguros Del Estado*, 199 F.3d 937, 945 (7th Cir. 1999) (requiring a "reasonable inquiry" into the identity of the party for whom service is intended). Ample case law also makes clear that parties cannot challenge the service that has been effectuated based on hyper-technical reasoning, such as a slight misspelling in a defendant's name. *Smith*, 2021 WL 1824292, at *2 (collecting cases).

[3] Plaintiff strains credulity in blaming his failure to act on purportedly not receiving an earlier order of the Court. *See* Docket No. 50 at 1; *but see* Docket No. 30 (notice of electronic filing certifying that order was mailed to Plaintiff); *Trustees of Operating Engrs. Pension Trust v. Maui One Excavating, Inc.*, 2013 WL 1908328, at *2 (D. Nev. May 7, 2013) ("The NEF establishes that notice was properly sent, creating a presumption of delivery and receipt").

[4] The Court is not persuaded by Defendants' contention that they will be prejudiced. *See* Docket No. 52 at 6-7. With respect to "faded memories," the alleged prejudice is premised on the time since the incidents at issue in the lawsuit took place, rather than the time that has elapsed since service was effectuated last summer. No showing has been made that there is any significant impact to memories based on Defendants not proceeding with the litigation when they were served on June 21, 2021. Moreover, such concerns could have been alleviated by Defendants not rejecting on highly technical grounds the service already made. With respect to the need for discovery, the Court notes that the discovery period remains open, Docket No. 72, and Defendants can benefit from any discovery already undertaken by others, Local Rule 26-5. To the extent Defendants need more time for discovery, they may seek an extension of deadlines. *Cf. Silvagni*, 320 F.R.D. at 243.

Accordingly, this aspect of the motion to extend the service deadline is **DENIED** as unnecessary because Defendants Miller and Bryan have already been served.[5] Given the competing factors at play, the Court will reopen the deadline for Defendants Miller and Bryan to respond to the complaint and **RESETS** that deadline for June 30, 2022.

### C. Defendant Williamson

Plaintiff next seeks to extend the service deadline for Defendant Williamson. Docket No. 50 at 13. The record has been clear for nearly a year that Defendant Williamson is not an employee of LVMPD and that he cannot be served through LVMPD. *See, e.g.*, Docket No. 22 at 4. Moreover, defense counsel provided potential addresses at which Plaintiff could attempt service on Defendant Williamson. *Id.* at 4-5. The Court has also made clear to Plaintiff that he must take appropriate steps to serve Defendant Williamson given any failure in initial service attempts. Docket No. 5 at 25-26 ("If Banks wishes to have service again attempted on an unserved defendant, then a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and address for that defendant, or whether some other manner of service should be attempted"). Indeed, on August 16, 2021, with respect to outstanding service issues, the Court similarly indicated that Plaintiff "may seek further relief to the extent necessary" to effectuate service. Docket No. 30 at 1.

It does not appear that Plaintiff took any meaningful steps to effectuate service on Defendant Williamson during the intervening months. Instead, it appears that he may have only been nudged into filing the instant motion upon the issuance of an order to show cause why Defendant Williamson should not be dismissed for lack of service. *See* Docket No. 41. Nonetheless, the Rule 4(m) standard for an extension is relatively lenient and the Court has broad discretion to extend that deadline even when good cause has not been shown. *See, e.g.*, *Sheehan*, 253 F.3d at 513. In light of the circumstances of this case, particularly given that discovery remains open, Docket No. 72, the Court will provide <u>one final</u> opportunity to serve Defendant Williamson. Accordingly, the deadline to serve Defendant Williamson is **EXTENDED** to August 1, 2022.

---

[5] Even if that were the case, the Court would exercise its broad discretion to extend the service deadline with respect to these two defendants.

Plaintiff will have 21 days to furnish to the United States Marshal the required USM-285 form with relevant information as to Defendant Williamson. Within 14 days after receiving from the Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Williamson was served.[6]

### III. ORDER TO SHOW CAUSE (Docket No. 41)

The Court lastly turns to the order to show cause why Defendants Bryan, Miller, and Williamson should not be dismissed for lack of service. As noted above, the Court has found that Defendants Bryan and Miller were already served. As also stated above, the Court has found that the deadline to serve Defendant Williamson should be extended. Accordingly, the order to show cause is **DISCHARGED** as moot.

### IV. CONCLUSION

For the reasons discussed more fully above, the Court **ORDERS** as follows:

- Plaintiff's motion to extend the briefing schedule (Docket No. 65) is **GRANTED** *nunc pro tunc*.
- Plaintiff's motion to extend time for service (Docket No. 50) is **DENIED** as moot as to Defendant Lingle, is **DENIED** as unnecessary as to Defendants Miller and Bryan, and is **GRANTED** as to Defendant Williamson.
- The Clerk's Office is **INSTRUCTED** to send Plaintiff two USM-285 forms.
- The order to show cause (Docket No. 41) is **DISCHARGED**.

IT IS SO ORDERED.

Dated: June 16, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] Plaintiff references a request for an order to serve by publication. Docket No. 50 at 1. A sufficient showing has not been made to justify that relief. *See Green Med. Mrktg. LLC v. Snavely*, 2020 WL 7260933, at *1 (D. Nev. Dec. 10, 2020) (addressing standards).