1
2
3 **UNITED STATES DISTRICT COURT**
4 **DISTRICT OF NEVADA**
5

6 JAMES VINCENT BANKS,                    Case No. 2:20-cv-00556-MMD-NJK

7      Plaintiff(s),                    **Order**

8 v.                    [Docket Nos. 84, 86]

9 JOSEPH LOMBARDO, et al.,

10      Defendant(s).

11      Pending before the Court is Plaintiff's notice regarding service on Defendant Williamson,

12 which the Court construes as a motion to extend time for service. Docket No. 84.[1] No response

13 was filed. Also pending before the Court is a notice of intent to dismiss Defendant Williamson

14 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Docket No. 86.

15      The default deadline to effectuate service is 90 days from the filing of the complaint. Fed.

16 R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure [to comply with that deadline],

17 the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even

18 when good cause is lacking, the Court still retains broad discretion to extend the service deadline.

19 *In re Sheehan*, 253 F.3d 507, 512, 513 (9th Cir. 2001).

20      In this case, the screening order made clear that the deadline to effectuate service was

21 August 11, 2021. Docket No. 5 at 25 ("Service must be perfected within 90 days from the date of

22 this order pursuant to Fed. R. Civ. P. 4(m)"). On June 16, 2022, the Court extended this deadline

23 with respect to Defendant Williamson to August 1, 2022. Docket No. 74 at 4-5. Service was

24 meant to be completed through the United States Marshal Service. *See id.* Plaintiff now represents

25

26      [1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).
27 Some aspects of this filing might be construed as seeking other relief, *see, e.g.*, Docket No. 84 at 3 (addressing sufficiency of legal supplies), but the Court expresses no opinion herein as to any other issues raised in the papers, *see, e.g.*, Local Rule IC 2-2(b). To the extent Plaintiff seeks any
28 relief not addressed herein, he must file a separate motion addressing that issue.

that the Marshal Service did not attempt service because it had not been provided a copy of the complaint and summons from the Clerk's Office.  Docket No. 84 at 1-2.[2]  Plaintiff has now also filed proposed summonses for Defendant Williamson.  Docket No. 87 at 1-4.

The Court finds good cause to extend the service deadline with respect to Defendant Williamson to December 20, 2022, so the motion to extend (Docket No. 84) is **GRANTED**.  In addition, the Clerk's Office is **INSTRUCTED** to issue the proposed summonses (Docket No. 87 at 1-4), and to provide copies of the summonses and complaint to the United States Marshal Service.  The Clerk's Office is also **INSTRUCTED** to provide the United States Marshal Service with Plaintiff's USM 285 forms (Docket No. 87-2).  Within 14 days after receiving from the United States Marshal Service a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Williamson was served.

IT IS SO ORDERED.

Dated: October 20, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] This representation is made based on a letter that was supposed to be attached to the motion, but was not actually attached.  *See id.*  The Court will credit Plaintiff's representation in this instance, but he must ensure moving forward that he actually attaches the exhibits he references in his papers.